**Bonnie Joyce PROCTOR, Petitioner,**

v.

**STATE of Alaska, Respondent.**

No. 5718.

Court of Appeals of Alaska.

April 8, 1982.

Patrick J. McKay, Pestinger & McKay, Anchorage, for appellant.

Eugene P. Murphy, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Proctor was convicted in the district court of operating a motor vehicle while under the influence of intoxicating liquor in violation of AS 28.35.030. Her conviction followed a plea of *nolo contendere*, which in turn followed the denial of her motion to suppress certain evidence allegedly resulting from her arrest. She preserved the right to challenge the search on appeal pursuant to *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974), and *Oveson v. Municipality of Anchorage*, 574 P.2d 801 (Alaska 1978).

Prior to petitioning for hearing in this court, Proctor appealed to the superior court. Since the appeal was taken to the superior court before rules governing appeals to this court were promulgated, we have decided to grant the petition for hearing.

The sole issue on appeal is defendant's contention that AS 12.25.033, which permits a police officer to arrest a defendant for violation of AS 28.35.030 on probable cause but without a warrant violates Alaska Const. art. 1, § 14 prohibiting unreasonable searches and seizures and the corresponding provisions of the federal constitution. She contends the statute grants unreasonable authority to police officers and is void for vagueness. Consequently, she concludes, if the statute is unconstitutional her arrest is invalid and any fruit of the arrest, *i.e.* a breathalyzer test, is inadmissible. *See Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).

The issue presented by Proctor is of first impression in this jurisdiction. *Layland v. State*, 535 P.2d 1043 (Alaska 1975), is not on point; for at that time existing statutes did not permit an arrest for violation of AS 28.35.030 without a warrant unless the offense was committed in the officer's presence. In *Layland*, the supreme court specifically noted that the legislature might solve any problem created by the case by amending the statute to permit the warrantless arrest of persons where there is probable cause to believe they were driving while intoxicated. *See Layland*, 535 P.2d at 1050 n.34 which reads:

> As mentioned previously, in the circumstances of this case, we believe Layland could have been arrested, but he was not. In other drunk driving cases, if the arrest requirement works a hardship, Alaska's arrest laws could be modified, as has been done in other states.

For example, the California Vehicle Code was amended in 1969 to read as follows:

> Notwithstanding any other provision of law a peace officer may, without a warrant, arrest a person involved in a traffic accident when the officer has reasonable cause to believe that such person had been driving while under the influence of intoxicating liquor or under the combined influence of intoxicating liquor and any drug.

> Cal.Vehicle Code § 40300.5 (West 1971).

The legislature accepted the supreme court's invitation and enacted AS 12.25.033.

 In *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976), the Supreme Court held that a warrantless arrest for possession of stolen mail, a felony, did not violate the fourth amendment to the United States Constitution. The court

noted that prior decisions had intimated a preference for search warrants in cases of both search and seizure, but held that at least in the case of arrest, that preference was not of constitutional dimensions. In part, the court relied upon the common law which permitted a warrantless arrest based upon probable cause for felonies, noting that the common law did not permit warrantless arrests for misdemeanors. From this, Proctor infers that a statute authorizing warrantless arrests for misdemeanors not committed in the arresting officer's presence would violate the fourth amendment, and by extension, art. 1, § 14 of our state constitution. It is not necessary for us to decide whether *Watson* is susceptible of this interpretation; though we note that the dissenters, at least, felt that the majority's reasoning authorized warrantless arrests for both misdemeanors and felonies. *See Watson*, 423 U.S. at 456, 96 S.Ct. at 843, 46 L.Ed.2d at 627 (Marshall, J., dissenting);

2 W. LaFave, *Search and Seizure*, § 5.1(b), at 222, 231 (1978). We reach this conclusion because the fourth amendment is not offended by warrantless searches or arrests based upon exigent circumstances. *See Watson*, 423 U.S. at 437, 96 S.Ct. at 834, 46 L.Ed.2d at 617 (Marshall, J., dissenting). We conclude that the legislature has determined that exigent circumstances exist where there is probable cause to believe a suspect is driving while intoxicated. We are not able to say that that legislative determination violates due process. Consequently, we find no violation of either the state or federal constitution. The decision of the superior court is AFFIRMED.[1]

1. Proctor cites *Layland v. State*, 535 P.2d at 1049–50 for the proposition that the risk of loss of evidence in a drunk driving situation cannot amount to exigent circumstances justifying a warrantless arrest. We disagree with Proctor's reading of the case. First, the supreme court requires that any search for blood or, by extension, breath must be made contemporaneous with an arrest. The court recognized that there was sufficient probable cause for a felony arrest but, nevertheless, sanctioned the police for failing to arrest. The court's treatment of exigent circumstances must be considered in that context. The supreme court was concerned that any other rule would permit a search without an arrest, with the result that the evidence disclosed by the search would be used to establish probable cause for an arrest. Here defendant concedes probable cause for the arrest. There is no risk that exploratory searches would occur. The supreme court's suggestion that the legislature authorize warrantless arrests under similar circumstances, to avoid impermissibly burdening an investigation, makes it clear that it was the absence of the arrest and not the absence of the warrant which was of primary concern.